MEMORANDUM *
Oleg Morozov, a native and citizen of Russia, petitions for review of a decision by the Board of Immigration Appeals affirming the immigration judge’s denial of his applications for asylum and withholding of removal. We deny the petition.
Morozov filed his asylum application on May 21, 2001, more than one year after entering the country. The INA generally requires that an applicant file for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). However, a late filing can be excused if the applicant can show “extraordinary circumstances,” such as “[s]erious illness or mental or physical disability, including any effects of persecution or violent harm suffered in the past, during the 1-year period after arrival.” 8 C.F.R. § 208.4(a)(5)(i). The IJ’s extraordinary circumstances determination is reviewed for substantial evidence. See Ramadan v. Gonzales, 479 F.3d 646, 656-58 (9th Cir.2007).
Morozov contends that the violent attacks inflicted by members of the Russian National Unity left him too traumatized to file for asylum within the statutorily mandated period. However, the record demonstrates that despite his anxiety, Morozov was able to work outside the home and to obtain a driver’s license and a visa extension. The record also indicates that Moro-zov relied upon his wife to report the attack on him to the Russian police, and Morozov did not explain why his wife, whose own application for asylum is derivative of her husband’s, could not have assisted him to file for asylum on time. The IJ’s conclusion that Morozov failed to present an extraordinary circumstance that would warrant a late application was thus supported by substantial evidence.
The IJ denied Morozov’s withholding of removal application due to adverse credibility. Credibility determinations are reviewed under the substantial evidence standard. Kin v. Holder, 595 F.3d 1050, 1054 (9th Cir.2010).
*952 The IJ based her adverse credibility finding, in part, on Morozov’s hostile demeanor. On cross-examination, Morozov became “loud and defensive” and shook his hand and pointed his finger at the trial attorney in response to questions. The IJ sufficiently explained why she drew a negative inference from this conduct. See Singh-Kaur v. INS, 188 F.3d 1147, 1151 (9th Cir.1999) (noting this court’s “special deference” to credibility determinations based on an applicant’s demeanor).
The IJ also legitimately questioned Mor-ozov’s credibility due to inconsistencies in his testimony regarding the reporting of the August 26, 1998 attack. In his declaration in support of his 1-589, Morozov stated that he had registered a complaint with the militia (the local police force). However, Morozov testified that he did not report the attack to the police. On cross-examination, Morozov attempted to reconcile these accounts by explaining that he and his wife went to report the incident together. Because he had a speech problem, his wife registered the complaint. The IJ was justified in concluding that Morozov had not sufficiently explained why he earlier said he did not report the attack and that these inconsistencies undermined his credibility.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.